UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE SAMUEL PIMENTEL LOPEZ,
Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER, et al.,
Respondents.

Case No.: 26-CV-3756 JLS (JLB)

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 6)

Presently before the Court is Jose Samuel Pimentel Lopez's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 6). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 8).

Petitioner has resided in the United States since 2004 and alleges that he has been detained since March 14, 2026, when he was arrested on his way to work. Pet. at 2. The Ninth Circuit held that unadmitted non-citizens present in the interior of the United States are subject to 8 U.S.C. § 1226 and are not subject to 8 U.S.C. § 1225. *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026). Respondents acknowledge that Petitioner "is an unadmitted alien present in the interior of the United States" and therefore "is subject to detention under 8 U.S.C. § 1226(a)." Ret. at 1. Respondents do

not oppose an order directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a). *Id.* Therefore, the Petition (ECF No. 6) is **GRANTED IN PART**.[1]

**CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 6) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by August 28, 2026. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge

[1] The Court denies the Petition insofar as Petitioner requests release based on the lack of an administrative warrant. *See Gonzalez-Ramos v. Mullin*, No. 26-CV-3159 JLS (GC), 2026 WL 1865899 (S.D. Cal. June 29, 2026).